IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT CLAY JACKSON, III, | ) | CASE NO. 7:18CV00363 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TAMMY MCELYEA, *et al.*, | ) | By: Hon. Norman K. Moon |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Robert Clay Jackson, III, a Virginia inmate proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, alleging that his conviction was unlawful. The court previously explained to Jackson that his filing was most properly construed as a 28 U.S.C. § 2254 petition for a writ of habeas corpus. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the court offered Jackson the opportunity to object, and Jackson informed the court that he wished the action to stay construed as a § 1983.[1] After review of the record, I concludes that the complaint does not state a claim under 42 U.S.C. § 1983 and should be dismissed without prejudice.

Jackson filed this § 1983 action in July 2018, naming a Lee County Circuit Court judge, a Lee County prosecutor, and several police detectives as defendants. Jackson contends that the defendants violated his rights related to his conviction. As relief in this lawsuit, Jackson seeks $500,000.

"Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States."

---

[1] In his response to the court's *Castro* notice, Jackson responded that he "elects for this to stay filed as a civil rights action." Pl's Resp. 1, Dkt. No. 10. I acknowledge that a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is also a civil action; however, Jackson had the opportunity to fill out the proper § 2254 form and return it to the court—he failed to do so. Therefore, I interpret his response as a request for this action to remain a § 1983 action.

*Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). However, when an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds, a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Supreme Court has further explained:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Instead, an inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after complying with the federal habeas requirements. *Preiser*, 411 U.S. at 489; *see also* 28 U.S.C. §§ 2241, 2244, 2254 (regarding filing requirements).

Therefore, I will summarily dismiss Jackson's § 1983 complaint without prejudice.

The Clerk shall send a copy of this opinion and the accompanying order to plaintiff.

**ENTER:** This __9th__ day of November, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE